IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

ROSE SPARKMAN, o/b/o )
J.L.S., a minor, )
          )
     Plaintiff, )
          )
v.        ) Case No. CIV-07-133-FHS
          )
MICHAEL J. ASTRUE, )
Commissioner of Social )
Security Administration, )
          )
     Defendant. )

**REPORT AND RECOMMENDATION**

Plaintiff Rose Sparkman, on behalf of her child, J.L.S. (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration ("Defendant") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED AND REMANDED for further proceedings.

**Social Security Law and Standard of Review**

Disability for persons under the age of 18 is defined by the Social Security Act as the "a medically determinable physical or mental impairment or combination of impairments that causes marked and severe functional limitations, and that can be expected to cause death or that has lasted or can be expected to last for a

continuous period of not less than 12 months." 20 C.F.R. § 416.906. Social Security regulations implement a three-step sequential process to evaluate a claim for Child's Supplemental Security Income Benefits under Title XVI of the Social Security Act. *See*, 20 C.F.R. § 416.924.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the

---

[1] At step one, a child will not be deemed disabled if he is working and such work constitutes substantial gainful activity. requires the claimant to establish that he is not engaged in substantial gainful activity. At step two, a child will not be found disabled if he does not suffer from a medically determinable impairment that is severe. At step three, a child's impairment must meet a listing and must meet the duration requirement of 12 months. 20 C.F.R. § 416.924(b), (c) and (d).

"substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); see also, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on March 11, 1991 and was 14 years old at the time of the hearing. Claimant is alleged to have become disabled beginning on January 1, 1995, due attention deficit hyperactivity disorder ("ADHD") and anger management problems.

### Procedural History

On November 21, 2003, Claimant protectively applied for Supplemental Security Income under Title XVI of the Social Security Act (42 U.S.C. § 1381 et seq.). Claimant's application for benefits was denied in its entirety initially and on reconsideration. On February 26, 2006, a hearing before ALJ Richard J. Kallsnick was held in Muskogee, Oklahoma. By decision dated May 3, 2006, the ALJ found that Claimant was disabled and, thus, not eligible for Supplemental Security Income. On March 12, 2007, the Appeals Council denied review of the ALJ's findings. Thus, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

### Decision of the Administrative Law Judge

The ALJ made his decision at step three of the sequential

evaluation. He determined that Claimant's condition did not meet a listing and he had not been under a disability at any time since the alleged onset date.

### Review

Claimant asserts that the ALJ erred in (1) failing to properly consider all of Claimant's impairments at step 2 of the sequential evaluation process; (2) failing to perform a proper determination at step 3 of the sequential evaluation process; and (3) failing to perform a proper credibility determination.

### The Step Two Analysis

Claimant contends the ALJ failed to properly consider his depression at step 2 of the sequential analysis. Claimant has been diagnosed repeatedly with clinical depression and been prescribed anti-depressant medication, namely Prozac, for the condition. (Tr. 349, 356, 360, 362, 370, 371). On January 27, 2004, Linda Born, a psychological clinician IV noted that Claimant "is already experiencing some clinical depression. This worsens with each problem he gets into, and also contributes to his disorganization and poor decisionmaking, as each time he starts to improve, a bad decision sets him back again." (Tr. 284).

Additionally, a Childhood Disability Evaluation Form was completed by R.E Smallwood, Ph.D. on April 1, 2004. Dr. Smallwood included depression as one of Claimant's impairments. (Tr. 217). Another such form was completed by Sally Varghese, Ph.D. on August

4

3, 2004, also finding depression among Claimant's impairments. (Tr. 285).

In his decision, the ALJ only mentions Claimant's depression in recognizing Ms. Born's report. He otherwise makes no mention of the effect of the depression as an impairment.

Defendant is correct in his recitation of the law that a diagnosis of a condition does not necessarily carry with it a finding of disability. Bernal v. Bowen, 851 F.2d 297, 301 (10th Cir. 1988). However, the record indicates the severity of Claimant's depression surpasses mere diagnosis, significantly affecting Claimant's ability to function. In order for Claimant's depression to be considered severe, Claimant must show evidence supporting the presence of at least five of the following: a. Depressed or irritable mood; or b. Markedly diminished interest or pleasure in almost all activities; or c. Appetite or weight increase or decrease, or failure to make expected weight gains; or d. Sleep disturbance; or e. Psychomotor agitation or retardation; or f. Fatigue or loss of energy; or g. Feelings of worthlessness or guilt; or h. Difficulty thinking or concentrating; or i. Suicidal thoughts or acts; or j. Hallucinations, delusions, or paranoid thinking.

Claimant must also demonstrate at least two of the following:

    a. Marked impairment in age-appropriate cognitive/communicative function, documented by medical findings (including consideration of historical and other information from parents or other individuals who have

5

knowledge of the child, when such information is needed and available) and including, if necessary, the results of appropriate standardized psychological tests, or for children under age 6, by appropriate tests of language and communication; or

b. Marked impairment in age-appropriate social functioning, documented by history and medical findings (including consideration of information from parents or other individuals who have knowledge of the child, when such information is needed and available) and including, if necessary, the results of appropriate standardized tests; or

c. Marked impairment in age-appropriate personal functioning, documented by history and medical findings (including consideration of information from parents or other individuals who have knowledge of the child, when such information is needed and available) and including, if necessary, appropriate standardized tests; or

d. Marked difficulties in maintaining concentration, persistence, or pace.

20 C.F.R. Pt. 404, Subpt. P, App. 1, § 112.04(A) & (B).

Claimant has identified evidence in the record supporting the presence of (a), (b), (c), (d), (e), (f), (h), and (j) of paragraph A of § 112.04 and (a), (b), and (d) of paragraph B of § 112.04. Consequently, on remand, the ALJ shall re-evaluate the evidence regarding Claimant's diagnosed depression and engage in the necessary analysis under § 112.04 to ascertain its severity.

### The Step Three Analysis

Claimant contends the ALJ failed to engage in a proper step 3 analysis. In order to determine whether a claimant meets a listing under step 3, the ALJ must consider whether the claimant has either two marked or one extreme limitation of function in six broad

6

domains of function. 20 C.F.R. § 416.926a(a); <u>Briggs ex rel. Briggs v. Massanari</u>, 248 F.3d 1235, 1237 n.1 (10th Cir. 2001). In this case, the ALJ found Claimant had a marked limitation in the ability to attend and complete tasks. (Tr. 19-20). On remand, the ALJ shall assess the affect of Claimant's depression upon the analysis at step 3. Additionally, the ALJ should examine whether a marked limitation is present in the evidence considering all of Claimant's severe impairments in the domains of Interacting and Relating with Others and Health and Physical Well-Being.

**Credibility Analysis**

Claimant also asserts the ALJ inappropriately discounted the child's mother's credibility in light of the evidence contained in the record. Claimant also states testimony was never obtained from the child during the hearing and that relevant and probative evidence could have been derived directly from the child.

The ALJ found Claimant's mother's testimony regarding the "intensity, duration and limiting effects of the claimant's symptoms are not entirely credible." (Tr. 17). The precise challenge to the testimony is unclear from the face of the decision.

It is well-established that "findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." <u>Kepler v. Chater</u>, 68 F.3d 387, 391 (10th Cir. 1995). "Credibility determinations are

7

peculiarly in the province of the finder of fact" and, as such, will not be disturbed when supported by substantial evidence. Id.

In this case, the ALJ fails to cite to evidence contradictory to the mother's testimony, making the affirmative link to the evidence which is necessary to withstand challenge. On remand, the ALJ shall specifically link any credibility rejection of testimony to evidence in the record. Moreover, it does not appear the ALJ considered the testimony of the minor child at all. On remand, he shall consider such testimony in the evidentiary record and extend his credibility analysis to his testimony as well.

## Conclusion

Based upon the foregoing, the undersigned Magistrate Judge finds the decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge respectfully recommends the ruling of the Commissioner of Social Security Administration be **REVERSED and REMANDED** for further proceedings consistent with this opinion.

The parties are herewith given ten (10) days from the date of the service of this Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within ten (10) days will preclude appellate review of the judgment of the District Court based on such findings.

DATED this 15th day of July, 2008.

*[signature]*
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE